# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 36-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BRITTNEY LYNN MOORE. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on September 12, 2011. It appeared to the court at the call of this matter on for hearing the defendant was present with her attorney, Fredilyn Sison and the government was present and represented through Assistant United States Attorney Tom Ascik. This matter further came before the court pursuant to a motion filed by counsel by defendant entitled "Unopposed Motion in Support of Continued Release After Rule 11 Hearing" (#101). From the arguments of counsel for defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On April 5, 2011 a bill of indictment was issued charging the defendant with conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. On September 12, 2011, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea

of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, the court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on September 12, 2011 to the crime of conspiracy to violate 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney Tom Ascik as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Ascik advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty of defendant, the undersigned cannot find

there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended or will recommend that no sentence of imprisonment be imposed upon defendant. It would thus appear that the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

Defendant, in her motion, contends that exceptional circumstances exists which would merit the continued release of defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger assigned to the undersigned the task of conducting an exceptional circumstances determination in criminal matters pending in this district. What constitutes exceptional circumstances had been defined by Judge Reidinger in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In Vilaiphone Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's

compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In the motion of defendant, the defendant argues that defendant had, within the last three weeks, given birth to an infant. Defendant contends pursuant to United States v. Price, 618 F.Supp. 2d 493 (W.D.N.C. 2008), that a defendant who had recently given birth or was pregnant, would constitute an exceptional circumstance as it is "clearly out of the ordinary, uncommon, or rare." The undersigned disagrees

with the contention of defendant that the birth of a child is an event that is clearly out of the ordinary, uncommon, or rare. On the contrary, that is an event that occurs regularly in everyday life. On the other hand, the undersigned does agree that the pregnancy of a defendant and the birth of a child, less than two weeks prior to a potential incarceration of the mother of the child, is an event that is "clearly out of the ordinary, uncommon, or rare." Counsel for defendant has urged that defendant be continued on terms and conditions of pretrial release for a period of six weeks to allow the maturation of the infant and to give the infant and defendant, who is the mother of the child, an opportunity to develop a bonding relationship. The undersigned is of the opinion that such is an exceptional circumstance that merits the continued release of defendant and pursuant to the above referenced case law the undersigned will grant the motion of defendant.

The court notes that the government agrees with the motion of defendant and does not object to defendant being continued on terms and conditions of presentence release.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the defendant's "Unopposed Motion in Support of Continued Release After Rule 11 Hearing" (#101) is hereby

**ALLOWED** and defendant will be allowed to continue on terms and conditions of presentence release. The undersigned does hereby set this matter on for further hearings concerning the release of defendant to determine whether or not defendant's continued release will be allowed.

Signed: September 19, 2011

Dennis L. Howell
United States Magistrate Judge